UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Novia Communications, LLC,  Case No. 3:16-cv-587

    Plaintiff

  v.  MEMORANDUM OPINION
 AND ORDER

Jesse Weatherby, et al.,

    Defendants

## I.    INTRODUCTION

Before me are Defendant Community Broadcast Group, Inc.'s motions for attorney fees and costs.[1] (Doc. Nos. 48 & 52). Plaintiff Novia Communications, LLC filed an opposition brief to CBG's motion, (Doc. No. 55), and CBG replied. (Doc. No. 56).

## II.    BACKGROUND

Over the course of their business relationship, Novia and CBG executed several contracts, including: (1) the Asset Purchase Agreement (APA), (Doc. No. 1-4); (2) the August 21, 2013 Promissory Note, (Doc. No. 1-2); and (3) the October 1, 2014 Promissory Note, (Doc. No. 1-5).

Each of these contracts contained sections providing for the apportionment of attorney's fees. The Promissory Notes stated, "Borrower [CBG] shall pay all reasonable costs and expenses (including, without limitation, the holder's attorneys' fees) incurred by the holder relating to the

---

[1] Defendant Jesse Weatherby is also named on the motions for attorney fees and costs. (Doc. Nos. 48, 49, & 52). But acknowledging that Weatherby was not a party to the contract under which attorney fees and costs are sought, Weatherby withdrew his motion. (Doc. No. 56 at 1 n.1).

enforcement of this Note." (Doc. No. 1-2 at 11; Doc. No. 1-5 at 9). Section 13.8 of the APA provided that,

> If a formal legal proceeding is instituted by a party to enforce that party's rights under this Agreement, the prevailing party in the proceeding shall be reimbursed by the other party for all reasonable costs incurred thereby, including but not limited to reasonable attorney's fees and costs.

(Doc. No. 1-4 at 17).

Following the dissolution of the business relationship, Novia filed this action asserting the following claims against CBG: (1) breach of the APA (Count One); (2) specific performance of the APA (Count Two); (3) equitable estoppel of the APA (Count Three); (4) constructive trust (Count Four); (5) breach of the August 21, 2013 Promissory Note (Count Five); (6) breach of the October 1, 2014 Promissory Note (Count Six); (7) tortious interference with business relationship (Count Eight); and (8) fraud (Count Nine).

I granted summary judgment to CBG on the contractual and equitable claims related to the APA (Counts One, Two, and Three). (Doc. Nos. 24, 25, 33, and 34). On appeal, the Sixth Circuit affirmed my grant of summary judgment on these claims. *Novia Communications, LLC v. Weatherby*, -- F. App'x --, 2021 WL 3399827 (6th Cir. Aug. 4, 2021).[2] The remaining claims against CBG were resolved by Consent Judgment with CBG conceding liability on Novia's claims of breach of the Promissory Notes (Counts Five and Six) and the tort claims being dismissed with prejudice (Counts Eight and Nine). (Doc. Nos. 38 & 46).

### III.  DISCUSSION

CBG now seeks attorney fees and costs under Section 13.8 of the APA. (Doc. Nos. 48 & 52). Novia opposes the award of fees, arguing CBG is not the "prevailing party" under Section 13.8 because it did not prevail on all claims asserted against it in this litigation. Specifically, Novia asserts

---

[2] Mandate issued August 26, 2021. (Doc. No. 54).

that because it prevailed on its claims of breach of the Promissory Notes, CBG is not the "prevailing party" to this litigation.

Under New York law, which governs the APA, a contractual provision assuming the obligation to indemnify a party for attorney fees and costs "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances." *Id.*

Here, the language of the APA "clearly implied" that CBG and Novia intended that the "prevailing party" be reimbursed for "reasonable costs" incurred through "a formal legal proceeding … instituted … to enforce that party's rights under this Agreement." (Doc. No. 1-4 at 17). The fact that the parties did not specifically define "prevailing party" does not preclude the enforcement of this fee-shifting agreement. Instead, I may turn to precedent to determine who the "prevailing party" is for purposes of awarding these fees. *See, e.g., Matsumura v. Benihana Nat'l Corp.*, No. 06 Civ. 7609(NRB), 2014 WL 1553638, at *4 (S.D.N.Y. Apr. 17, 2014).

Under New York law, "[i]t is not necessary for a party to prevail on all of his claims in order to be considered 'prevailing.'" *Wiederhorn v. Merkin*, 952 N.Y.S.2d 478, 482 (N.Y. App. Div. 2012). Instead, the "prevailing" party need only have "'prevailed with respect to the central relief sought.'" *Chainani v. Lucchino*, 942 N.Y.S.2d 735, 736 (N.Y. App. Div. 2012) (quoting *Nestor v. McDowell*, 615 N.E.2d 991, 994 (N.Y. 1993)). "To determine whether a party has 'prevailed' for the purpose of awarding attorneys' fees, the court must consider the 'true scope' of the dispute litigated and what was achieved within that scope." *Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77(N.Y. App. Div. 2007) (quoting *Excelsior 57th Corp. v. Winters*, 641 N.Y.S.2d 675, 676 (N.Y. App. Div. 1996); *see also 501 E. 87th St. Realty Co., LLC v. Ole Pa Enters. Inc.*, 757 N.Y.S.2d 31, 32 (N.Y. App.

Div. 2003) ("[P]laintiffs prevailed upon the central litigated issues and obtained substantial relief fully justifying the conclusion that they were prevailing parties and, as such, entitled to recover attorneys' fees.").

There is no dispute that Novia prevailed on the claims under the Promissory Notes, but CBG admitted to breaching those Promissory Notes in its Answer. (*Compare* Doc. No. 1 at 11-12 *with* Doc. No. 12 at 10-11). Therefore, those claims were not within the "'true scope' of the dispute litigated." The claims under the APA were actually litigated over the course of the past five years. Because CBG successfully defended against those disputed and litigated claims, it is the "prevailing party" entitled to reimbursement for "reasonable costs" incurred to enforce its rights under the APA.

## V. CONCLUSION

For the foregoing reasons, CBG is entitled to attorney fees and costs. Counsel for CBG attests the attorney fees and costs incurred through this litigation total $77,061.25 in fees and $1,511.75 in non-taxable costs. (Doc. Nos. 57 & 57-1). Finding this figure reasonable and without objection by Novia, I award CBG the amounts requested.

CBG does not object to Novia's request that this award offset the amount CBG owes Novia under the Promissory Notes – $209,755.28, plus any additional accrued and continuing interest. (Doc. No. 59 at 1, n.1). Therefore, Novia's judgment against CBG on the Promissory Notes shall be offset by CBG's reasonable costs and attorney fees.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge